MOODY v. BONHAM et al. (No. 5508.)

(Court of Civil Appeals of Texas. Austin. Oct. 13, 1915.)

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

On motion for additional findings of fact. Findings made.

For opinion, see 178 S. W. 1020.

Anderson & Moses, of Fairfield, for appellant. M. L. Bonham, of Anderson, S. C., W. W. Ballew, of Corsicana, and T. H. Bonner and Boyd, Bell & Fryer, all of Fairfield, for appellees.

Additional Findings of Fact on Motion for Same.

JENKINS, J. The appellant having complained that our findings of fact herein are not sufficiently full, we make the following additional findings of fact:

I. James B. Bonham was killed at the Alamo in 1836.

II. The record in this case indicates that his estate was administered upon and his land was partitioned among his heirs, from which we infer that his headright certificate was located and patented. When and where this administration was had the record does not disclose.

III. On August 13, 1859, M. M. Bonham, acting for himself and the other heirs of James B. Bonham, through his attorney, James C. Walker, petitioned the Court of Claims to issue to said heirs the donation certificate to which they were entitled as such heirs.

IV. On October 15, 1859, said certificate No. 37 was issued to said heirs.

V. M. M. Bonham filed his petition to the probate court of Freestone county to the September term, 1859, of said court, to be appointed administrator of the estate of James B. Bonham. This petition was signed by "Walker & Bradley, Attys., per L. D. Bradley."

VI. At the October term, 1859, of said court, letters of administration were issued to said M. M. Bonham.

VII. September term, 1860, M. M. Bonham filed a petition for the sale of said certificate, alleging claims against said estate, aggregating $453.76, of which $198.56 was alleged to be due said M. M. Bonham. This petition was signed by Walker & Bradley, Attorneys.

VIII. On September 24, 1860, said probate court ordered M. M. Bonham to sell said certificate to the highest bidder for cash.

IX. At the November term, 1860, said administrator reported that he had sold said certificate, as ordered by the court, to L. D. Bradley at 41 cents per acre.

X. On November 6, 1860, M. M. Bonham, administrator, deeded said certificate to L. D. Bradley. This deed was recorded May 5, 1882.

XI. At the December term, 1860, of said court, said sale was approved.

XII. On September 9, 1861, S. C. Simmons, E. Steele, and L. D. Bradley entered into a written agreement with each other, which recited among other things:

"That heretofore, in the year 1860, the said parties entered into a copartnership for the purpose of purchasing and locating land certificates, under which copartnership they have purchased and located the following certificates."

Among others is mentioned:

"453½ acres by virtue of James B. Bonham's donation certificate No. 37 for 640 acres; 186½ acres by virtue of James B. Bonham's donation certificate No. 37."

This agreement further states that said Bonham certificate had been paid for by L. D. Bradley, and that other certificates therein mentioned had been paid for by the other parties, but that they were to pay the same amount and be equal partners in said lands.

XIII. On May 30, 1862, the land in controversy was patented to the heirs of James B. Bonham by virtue of said donation certificate.

XIV. The parties hereto filed a written agreement, as shown by our original findings of fact herein.